# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT

I, Matthew O'Connor, depose and state as follows:

## AGENT BACKGROUND

1. I am a police officer employed by the Manchester Police Department ("MPD") since 2014. In October 2019, I transferred to MPD's Special Enforcement Division, where I conducted investigations into narcotics-related offenses. Since February 2021, I have served as a Task Force Officer ("TFO") to the Drug Enforcement Administration ("DEA") Strike Force for the Manchester, New Hampshire District Office. I have attended narcotics and criminal investigation training classes offered by the New Hampshire Police Standards and Training Council, the DEA, the Counterdrug Training Center, as well as by MPD.

2. As a DEA TFO, I am authorized to investigate violations of the laws of the United States, including violations of the federal drug laws and money laundering laws in Title 21 and Title 18, respectively, of the United States Code. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant.

3. I have participated in all aspects of drug investigations, including physical surveillance, surveillance of undercover transactions, the introduction of undercover agents, the execution of search warrants, the effecting of arrests, and debriefing of defendants, informants and witnesses who had personal knowledge regarding major narcotics trafficking organizations. I have also reviewed recorded conversations and telephone, financial, and drug records. Through my training and experience, I have become familiar with the manner in which illegal drugs are imported, transported, stored, and distributed, and the methods of payment for such drugs. I have

1

also become familiar with the manner in which narcotics organizations use various forms of violence and intimidation in furtherance of their narcotics trafficking activity, to protect their operations, members, narcotics, and narcotics proceeds.

## PURPOSE OF AFFIDAVIT

4.      I submit this affidavit pursuant to Federal Rules of Criminal Procedure 41, and Title 18, United States Code, Section 3117, in support of an application for a search warrant authorizing the installation and use of a tracking device, for 45 days, in or on a 2012 Black Hyundai Santa Fe, New Hampshire Registration 5264946, Vehicle Identification Number 5XYZG3AB2CG135466 ("the **TARGET VEHICLE**"). The **TARGET VEHICLE** is registered to JESUS MANUEL ENCARNACION, 50 English Village Road Apt 104L, Manchester, New Hampshire.

5.      The information set forth in this affidavit is based on my personal participation in this investigation, as well as my training and experience, information received from other law enforcement officers, including their direct examination of relevant documents, reports of interviews with witnesses in this investigation and physical surveillance conducted in connection with the person and places mentioned in this affidavit. I have not set forth every detail I or other law enforcement agents know about this investigation but have simply set forth facts that I believe are sufficient to establish probable cause for the issuance of the requested warrant.

6.      Based on my training and experience, and the facts set forth in this affidavit, I believe that the **TARGET VEHICLE** is presently being used in furtherance of narcotics offenses in violation of 21 U.S.C. § 841 (distribution and possession with intent to distribute a controlled substance); 21 U.S.C. § 846 (conspiracy to distribute and possess with the intent to distribute a controlled substance); and 21 U.S.C. § 843(b) (use of a communication facility to facilitate a controlled substance offense) ("**TARGET CRIMES**").

7.      Accordingly, there is probable cause to believe that the installation of a tracking device on the **TARGET VEHICLE**, and the use of the tracking device for a 45- day period, will lead to evidence, fruits and instrumentalities of the **TARGET CRIMES** as well as to the identification of other individuals who are engaged in the commission of the **TARGET CRIMES**.

## PROBABLE CAUSE

8.      Manchester Police Department ("MPD") detectives and DEA are currently investigating a fentanyl and cocaine trafficking organization operating in Manchester, New Hampshire.  On November 22, 2022, a confidential source[1] ("CS") was arrested following a traffic stop and charged with possession/transportation of crack cocaine.  MPD investigators interviewed CS, who has made multiple statements against its own interest about the CS's own participation in the importation and distribution of fentanyl in New Hampshire. The CS is cooperating in hopes of receiving consideration regarding the pending drug charge.

9.      Since the CS began cooperating in November 2022, the CS has provided information to law enforcement about its fentanyl source of supply and its narcotics customers and has participated in 12 controlled purchases.  The CS, to my knowledge, has not previously provided information to other law enforcement agencies.

10.     The CS identified the CS's suppliers as two Hispanic males that utilize "runners."[2] The CS stated that the two males have been selling drugs in Manchester for years.  The CS believes that the two males are brothers and that the shorter brother is the "boss."   CS stated that

---

[1] The CS's criminal record includes the following convictions:   2022 possession of controlled drug, 2022 controlled drug acts prohibited, 2020 possession of a controlled drug, 2019 possession of controlled drug, 2016 burglary, 2014 acts prohibited, 2012 acts prohibited and theft by deception.
[2] A "runner" is a term commonly used in the drug trade when referring to an individual who transports/delivers illegal drugs for a drug trafficking organization.

3

CS did not know the shorter Hispanic male's name but described him as possibly Dominican, in his 30s, with shorter black hair and stated that he lived on English Village Road in Manchester. CS described the other male as possibly Dominican, and taller with darker skin than the other male. CS stated that the males distribute cocaine, crack cocaine, and heroin/fentanyl to the CS and others in Manchester. The CS participated in a photo lineup and identified the "boss" as an individual known to law enforcement from prior contact as Jesus Manuel ENCARNACION.

11. As of this writing, I have corroborated much of the CS's information and consider the CS to be reliable. Investigators have independently verified the CS's information regarding the source of supply through 12 controlled purchases, phone record examinations, and surveillance observations. The drugs from each of the controlled purchases have been sent to the laboratory for testing, and to date, the Northeast Laboratory confirmed the presence of fentanyl for the drugs obtained during controlled purchases on March 1 and May 3, 2023. Two of the controlled purchases, as further described below, involved the **TARGET VEHICLE.**

12. On March 9, 2023 at 1534, under the direction of investigators, the CS called 603-512-3400 [3], the phone that the CS routinely used to contact "the boss," believed to be ENCARNACION. This phone call was recorded. During the call, the CS stated that it needed "three and one and a half," followed by "3 down and 1 and a half up."[4] The male, believed to be the "boss," replied, "Okay." The CS asked, "Same place?" The male responded, "Yes."

13. Later in the day, investigators provided the CS with $900 in pre-recorded US currency. The CS was outfitted with audio and video recording equipment and given instructions. The CS and the CS's vehicle were searched for contraband with negative results.

---

[3] The CS has called this phone number to arrange the twelve controlled purchases in this case.
[4] Based on my training and experience and my familiarity with this case, I know that when the CS placed its order, it ordered three sticks of fentanyl, and an eight ball and a ½ of cocaine.

14. Investigators followed the CS to the buy location. At 1550, investigators observed the CS park in the area of Harrison and Belmont Streets. At 1605, investigators observed a black Hyundai Santa Fe with New Hampshire registration NH 521 3215 arrive.[5] The vehicle was registered to Ronald F. Arias at 50L English Village A104, Manchester, NH. Investigators observed the CS enter the Santa Fe, and then saw the Santa Fe pull into traffic. Based on my training and experience, I know that drug dealers often drive with their customers prior to drug transactions in an attempt to avoid detection by law enforcement. Investigators maintained surveillance and identified the Santa Fe's driver as an individual previously identified by investigators from an unrelated traffic stop as Victor Elias Guillermo CALDERON.[6]

15. At 1609 hours, an investigator observed the CS exit the Santa Fe and return to its vehicle. The CS drove back to the predetermined location followed by investigators, where it immediately turned over approximately 78.32 grams (with packaging) of suspected fentanyl and 37.17 grams (with packaging) of suspected cocaine. An investigator examined the suspected narcotics and based on his training and experience the contents were consistent with that of the narcotic drugs heroin/fentanyl and cocaine. The CS was searched for other contraband, weapons, and currency with negative results.

16. On May 22, 2023, the CS again called "the boss," at the direction of investigators, and arranged a drug transaction. The phone call was recorded. The CS was provided with $800

---

[5] On February 16, 2023, MPD obtained a search warrant from the New Hampshire Superior Court authorizing the use of a tracking device on this vehicle for thirty days.

[6] Additionally, investigators identified CALDERON as the driver of a different motor vehicle during a March 1, 2023 controlled purchase between the CS and "the boss," arranged through the same phone number believed to be used by ENCARNACION, wherein the CS purchased approximately 30 grams (with packaging) of suspected fentanyl, 3.5 grams (with packaging) of suspected cocaine, and 1.75 grams (with packaging) of suspected crack cocaine. The suspected narcotics were sent to the laboratory for testing, and to date, investigators received a chemical analysis report from Northeast Laboratory confirming the presence of fentanyl.

prerecorded U.S. currency.  The CS was outfitted with audio and video recording equipment and given instructions. The CS and the CS's vehicle were searched for contraband and weapons with negative results.

17. Investigators followed the CS to the buy location.  Investigators observed the CS exit its vehicle and enter a black Hyundai Santa Fe with New Hampshire registration NH 526 4946, the **TARGET VEHICLE**, which then pulled into traffic in the previously discussed attempted countersurveillance tactic.  Investigators maintained surveillance.

18. Shortly thereafter, the CS returned to the area, exited the **TARGET VEHICLE**, and returned to its vehicle.  The CS drove to the predetermined meet location, followed by investigators.  The CS immediately turned over approximately 21.5 grams (with packaging) of suspected heroin/fentanyl and 7.5 grams (with packaging) of suspected cocaine. An investigator examined the suspected narcotics and based on his training and experience the contents were consistent with that of the narcotic drugs heroin/fentanyl and cocaine.  The CS was searched for other contraband, weapons, and currency with negative results. The suspected drugs were sent to the laboratory for testing.

19. Investigators determined that the Santa Fe used during the March 9, 2023 and the May 22, 2023 controlled purchases were the same vehicle – the **TARGET VEHICLE** – with different registrations.  According to the State Police Online Telecommunications System ("SPOTS"), an internal law enforcement database, the Hyundai Santa Fe used during the March 9 and May 22 transactions has the same Vehicle Identification Number, which based on my training and experience and familiarity with motor vehicle records, means that the Hyundai Santa Fe used in both transactions was the same vehicle.  During the March 9 transaction, the Hyundai Santa Fe was registered to Ronald F. Arias of 50 English Vlg Rd #104L Manchester, NH.  On May 11,

2023, the vehicle was transferred to ENCARNACION, also of 50 English Vlg Rd, #104L, Manchester, NH. The new title for the vehicle was issued on June 2, 2023, listing ENCARNACION as the owner.

20. Based on my training and experience, I am familiar with the manner in which narcotics traffickers use personal and rented cars and trucks, common carriers, mail and private delivery services, and a variety of other motor vehicles to: (a) meet with co-conspirators, customers and suppliers; (b) transport, distribute, and purchase narcotics;(c) transport funds used to purchase narcotics; and (d) transport the proceeds of narcotics transactions. Based on my training and experience, narcotics trafficking typically involves the local, interstate, and international movement of illegal drugs, to distributors and co-conspirators at multiple levels, and the movement of the proceeds of narcotics trafficking among multiple participants including suppliers, customers, distributors, and money launderers. Within the United States and the District of New Hampshire, illegal drugs and drug money are most often transported in motor vehicles. Consequently, the location of vehicles used by narcotics traffickers and those working with them can be instrumental in identifying and intercepting shipments of illegal drugs and drug proceeds.

21. More broadly, based upon my training and experience, tracking drug traffickers in motor vehicles frequently leads to evidence of narcotics and money laundering offenses, including, but not limited to: (a) the identification of potential criminal associates, such as criminal co-conspirators, suppliers of illegal narcotics, and money launderers; (b) the identification of physical locations at which illegal drugs are offloaded, stored, and/or distributed, including residences, businesses, commercial storage facilities, warehouses, and ports; and/or (c) the identification of locations where drug proceeds are stored, deposited, concealed, used in monetary and financial

transactions and laundered, including private businesses, banks, wire-remitter businesses, and other financial institutions.

22.     Investigators continue to learn more about the methods and routes used by ENCARNACION and are attempting to identify other members involved in the narcotics distribution with him. A vehicle tracker would expand the limited capabilities of this investigation and would be extremely valuable in assisting investigators to effectively follow the **TARGET VEHICLE's** movements and decrease the chance of detection. Other law enforcement officers and I plan to utilize this information to assist with the possible interdiction of future narcotics deliveries, as well as to assist in identifying sources of supply, customers, stash locations, and locating other evidence that will assist us in learning the full nature and scope of this criminal operation.

23.     Based on investigator conducted surveillance, I know that the **TARGET VEHICLE** is within the District of New Hampshire.  Surveillance units have observed the **TARGET VEHICLE** frequently parked in the parking lot at the registered address of 50 English Village Rd, Manchester, NH.  While the specific address listed on the **TARGET VEHICLE'S** registration is 50 English Village Road #104L, this specific address is located within an apartment complex with a parking lot available for residents and guests at 50 English Village Road. Investigators have seen this vehicle parked at the address overnight and have also observed the vehicle around Manchester.

24.     In order to track the movement of the **TARGET VEHICLE** effectively and to decrease the chance of detection, I seek authorization to place a tracking device on the **TARGET VEHICLE** while it is in the District of New Hampshire. Because ENCARNACION sometimes parks the **TARGET VEHICLE** in the parking lot at 50 English Village Road in Manchester, New

Hampshire, it may be necessary to enter onto private property and/or move the **TARGET VEHICLE** to affect the installation, repair, replacement, and removal of the tracking device. I am seeking authorization to enter ENCARNACION's property and curtilage at 50 English Village Road, Manchester, New Hampshire, where I know he routinely parks his vehicle.

25. To ensure the safety of the executing officer(s) and to avoid premature disclosure of the investigation, it is requested that the court authorize installation, maintenance, and removal of the tracking device during both daytime and nighttime hours. Because individuals who are involved in the distribution of controlled substances are keenly aware of the presence of law enforcement, I believe that if law enforcement were required to place the tracking device on the motor vehicle during the hours of 6:00 a.m. and 10:00 p.m., the targets of the investigation would likely observe the activity of law enforcement. This could compromise the safety of investigators and the ongoing investigation. Therefore, because there is reasonable cause to believe that the installation of the tracking device during the daytime hours of 6:00 a.m. – 10:00 p.m. would result in the target's discovery of the presence of law enforcement, it is hereby requested that the Honorable Court allow for law enforcement to install the tracking device at any time in the day or night. In the event the Court grants this application, there will be periodic monitoring of the tracking device during both daytime and nighttime hours for a period of 45 days following installation of the device. The tracking device may produce signals from inside private garages or other such locations not open to the public or visual surveillance.

## AUTHORIZATION REQUEST

26. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 3117, that authorizes members of DEA or their authorized representatives, including but not limited to other law enforcement

agents and technicians assisting in the above-described investigation, to install a tracking device on the **TARGET VEHICLE** within the District of New Hampshire within 10 days of the issuance of the proposed warrant, to maintain, repair, and/or replace the tracking device as necessary, and to remove the tracking device from the **TARGET VEHICLE** after the use of the tracking device has ended; to install, maintain, and remove the tracking device during both daytime and nighttime hours; to surreptitiously enter 50 English Village Road in Manchester, New Hampshire and/or move the **TARGET VEHICLE** to effect the installation, repair, replacement, and removal of the tracking device; and to monitor the tracking device for a period of 45 days following the issuance of the warrant, including when the tracking device is inside private garages and other locations not open to the public or visual surveillance, both within and outside the District of New Hampshire.

27. In accordance with 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), I further request that the warrant delay notification of the execution of the warrant for 30 days after the end of the authorized period of tracking (including any extensions thereof) because there is reasonable cause to believe that providing immediate notification may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice would seriously jeopardize the ongoing investigation by prematurely revealing its existence and giving suspects an opportunity to flee from prosecution, destroy or tamper with evidence, intimidate potential witnesses, notify confederates, and change patterns of behavior.

## CONCLUSION

28. Based on the foregoing, there is probable cause to believe that the **TARGET VEHICLE** is being utilized to in furtherance of the **TARGET CRIMES**. Consequently, there is probable cause to believe that the installation of a tracking device will lead to evidence, fruits, and instrumentalities of the **TARGET CRIMES**.

        /s/ Matthew O'Connor
Matthew O'Connor, TFO
Drug Enforcement Administration

The affiant appeared before me by telephonic conference on this date pursuant to Fed. R. P. 41 and affirmed under oath the contents of this affidavit and application.

Date: __Jun 13, 2023__

Time: __3:38 PM, Jun 13, 2023__

_____
The Honorable Andrea K. Johnstone
United States Magistrate Judge

11